FILED

2021 Aug-06  PM 02:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH C. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.:  2:21-cv-00439-JHE |
| BESSEMER POLICE DEPARTMENT, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION[1]

Plaintiff Joseph C. Robinson ("Robinson" or "Plaintiff") brings this action under 42 U.S.C. § 1983 and various causes of action under Alabama law against Defendants Bessemer Police Department ("BPD"), City of Bessemer (the "City"), Michael Roper ("Roper"), Robbie Tackett ("Tackett"), and Charles McKenna ("McKenna").[2]  (Doc. 11).  All five Defendants move to dismiss Robinson's claims against them, some for inadequate service and some under Fed. R. Civ. P. 12(b)(6).  (Docs. 14, 15, 16, 18 & 22).  Robinson opposes the motions, (docs. 24 & 25), and Defendants have filed a reply in support, (doc. 26).  For the reasons stated below, BPD's and the City's motions, (docs. 14 & 16), are **GRANTED**, Roper's motion, (doc. 15), is **GRANTED IN**

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.  (Doc. 20).

[2] Robinson's amended complaint, the operative pleading, also includes a list of twelve "fictitiously described defendants whose more correct names and identities are unknown to the Plaintiff at this time, but will be more correctly named by amendment when their identities are ascertained . . . ."  (Doc. 11 at ¶ 6).

**PART** and **DENIED AS MOOT IN PART**, and Tackett's and McKenna's motions, (docs. 18 & 22), are **DENIED**.  However, Robinson will be permitted to file an amended complaint.

## I. Legal Standards

### A. Rule 12(b)(5)[3]

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987).  Rule 12(b)(5) of the Federal Rule of Civil Procedure permits a defendant to move to dismiss based on insufficient service of process.  FED. R. CIV. P. 12(b)(5). The burden is on the plaintiff to establish the defendant was validly served.  *Fitzpatrick v. Bank of N.Y. Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014) (per curiam) ("Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity.") (citing *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)).[4]

---

[3] Defendants' motions arguing inadequate service characterize it as some combination of insufficient service of process under Rule 12(b)(5), insufficient process under Rule 12(b)(4), and lack of personal jurisdiction under Rule 12(b)(2).  Only the first of these makes sense.  Rule 12(b)(4) provides a defendant an opportunity to challenge defects in the summons itself, *see Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 898 (11th Cir. 1990), and no Defendant actually raises this issue.  And while insufficient service of process implicates the court's personal jurisdiction over a defendant, *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987), any jurisdictional issues are derivative of the service issue.  Therefore, the undersigned applies the Rule 12(b)(5) standard.

[4] The decisions of the former Fifth Circuit handed down before October 1, 1981, are binding in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.; accord Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To that end, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557). Further, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "[A] plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts,

when they occurred, and who engaged in them." *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) (internal quotation marks omitted). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

The court accepts all factual allegations as true on a motion to dismiss under Rule 12(b)(6). *See, e.g., Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*, 556 U.S. at 678.

## II. Background and Procedural History

### A. Factual Background[5]

On or about October 17, 2018, BPD officers pulled Robinson over.  (Doc. 11 at ¶ 7).  After Robinson asked why he had been pulled over, officers pulled Robinson from his car and placed him in a chokehold.  (*Id.* at ¶¶ 7-8).  Robinson did not resist or struggle.  (*Id.* at ¶ 9).  Tackett assaulted Robinson, causing Robinson to sustain a severe concussion and muscle strains with bruising and scarring.  (*Id.*).  McKenna stood by and watched.  (*Id.* at ¶ 10).  McKenna also helped to cover up the incident by falsifying records and lying to investigators.  (*Id.*).

### B. Procedural History

On October 16, 2020, Robinson filed this action in the Circuit Court of Jefferson County, Alabama.  (Doc. 1-1).  The original complaint asserted claims against BPD, the City, Tackett, McKenna, and twelve fictitious defendants: specifically, (1) a § 1983 excessive force count against unspecified defendants; (2) an assault and battery count against Tackett and McKenna; (3) an

---

[5] The factual background is taken from Robinson's amended complaint, (doc. 11).

intentional infliction of emotional distress count against unspecified defendants; (4) a negligence count against Tackett, McKenna, and/or the fictitious defendants; (5) a § 1983 failure to train and supervise count against the City, BPD, and Roper (the BPD's chief, who was not named as a defendant); and (6) a § 1983 failure to enact/enforce policy count against the City, BPD, and Roper. (*Id.*).

In his complaint, Robinson indicated he would serve Defendants by certified mail. (*Id.* at 12). Robinson did not do so immediately. Instead, the state court record indicates Robinson served each named defendant on February 22, 2021. (Doc. 1-2 at 3, 5, 7, 9). Robinson served McKenna by certified mail addressed to "Charles McKenna, Bessemer Police Department." (*Id.* at 5). The signatory for service on McKenna is listed as "Bessemer Police Department." (*Id.*). Robinson served Tackett by certified mail addressed to "Robbie Tackett, Calera Police Department." (*Id.* at 7). The signatory for service on Tackett is listed as "BP C19." (*Id.*).

On March 26, 2021, the defendants named in the original complaint removed the case to federal court. (Doc. 1). Several days later, the City and BPD each filed a motion to dismiss. (Docs. 4 & 5). Defense counsel also filed a motion to dismiss on behalf of Roper and the twelve fictitious parties. (Doc. 6). The undersigned set a briefing schedule on those motions. (Doc. 9).

On April 21, 2021, Robinson filed an amended complaint, (doc. 11), mooting the motions to dismiss, (*see* doc. 13). Unlike the original complaint, the amended complaint does name Roper as a defendant, (doc. 11 at ¶ 5), but the remainder of the factual allegations are virtually identical. The first six counts of the amended complaint are likewise identical: (1) a § 1983 excessive force count against unspecified defendants, (*id.* at ¶¶ 19-21); (2) an assault and battery count against Tackett and McKenna, (*id.* at ¶¶ 22-23); (3) an intentional infliction of emotional distress count against unspecified defendants, (*id.* at ¶¶ 24-25); (4) a negligence count against the named and

5

fictitious defendants, (*id.* at ¶¶ 26-29); (5) a § 1983 failure to train and supervise count against the City, BPD, and Roper, (*id.* at ¶¶ 30-33); (6) a § 1983 failure to enact/enforce policy count against the City, BPD, and Roper, (*id.* at ¶¶ 34-38).   The amended complaint adds a seventh count, a § 1983 false arrest, false imprisonment, and unlawful detention count against unspecified defendants, (*id.* at ¶¶ 39-41).

### III. Analysis

Because it is not clear to which defendants some of the counts in the amended complaint apply, parsing out Robinson's claims is somewhat difficult.   That said, each defendant generally appears to raise defenses specific to it, so the analysis below is broken up into an analysis of each defendant's motion.

### A. BPD Motion to Dismiss (Doc. 14)

In a brief, three-page motion, BPD argues it is not a legal entity subject to suit.  (Doc. 14). Its motion is a litany of authority standing for that proposition.  (*See id.*).   Although the docket entry for Robinson's response purports to respond to this motion, Robinson does not actually address its substance.   In any case, with two exceptions not relevant here, the capacity of a non-individual, non-corporation entity to sue or be sued is determined by the law of the state where the court is located.   Fed. R. Civ. P. 17(b)(3).   Under Alabama law, police departments lack the capacity to sue and be sued.  *Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010).   Robinson provides neither argument or authority to support departing from this rule.   Therefore, BPD's motion is due to be **GRANTED**.

### B. Roper Motion to Dismiss (Doc. 15)[6]

Roper raises multiple challenges to Robinson's claims against him.  First, Roper argues he was not named in the original complaint, so this court lacks jurisdiction over him.  (Doc. 15 at 2-3).  Second, Roper contends Robinson has not adequately served him with process.  (*Id.* at 3-4).  Third, Roper argues the amended complaint fails to state a claim against him.  (*Id.* at 4-5).  Robinson does not directly respond to the first two of these arguments.  However, to the extent Robinson raises § 1983 official-capacity claims against Roper (which is not entirely clear from his complaint), "[a] suit against a state official in his or her official capacity is not a suit against the individual but rather a suit against the official's office."  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  Robinson's response to the City's motion to dismiss appears to defend such claims, so the undersigned will not consider the claims abandoned (as Roper suggests, (*see* doc. 26 at 2-3) and will consider the merits of Roper's arguments for dismissal.

While Robinson did not respond to Roper's first argument, it is meritless.  Roper relies on Ala. R. Civ. P. 10(a), which states that the complaint's title "shall include the names of all the parties," and Fed. R. Civ. P. 10(a), which provides essentially the same thing.  (Doc. 15 at 2).  But the amended complaint names him as a defendant, regardless of whether the original complaint did.  Since the amended complaint supersedes the original complaint, *Malowney v. Fed. Collection*

---

[6] This motion also purports to be filed on behalf of the fictitious defendants.  "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted).  Robinson does not defend the fictitious defendants' inclusion in his response.  Therefore, to the extent that Robinson attempts to assert claims against fictitious defendants, those defendants are dropped pursuant to Fed. R. Civ. P. 21, and the motion to dismiss is **DENIED AS MOOT** as to Robinson's claims against them.

*Deposit Grp.*, 193 F.3d 1342, 1345 (11th Cir. 1999) (citation omitted), Robinson's failure to include Roper's name in the original complaint is irrelevant.

Second, as to service, Roper's motion was premature at the time it was filed. Process after removal is governed by 28 U.S.C. § 1448, which provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448. Therefore, service after removal must comply with the Federal Rules of Civil Procedure, and specifically the requirement in Fed. R. Civ. P. 4(m) providing that a plaintiff has "90 days after the complaint is filed" to serve a defendant. FED. R. CIV. P. 4(m). Assuming Roper is correct that he has not been served, when a case is removed to federal court, the 90-day period under Rule 4(m) ordinarily begins to run on the date of removal rather than on the date of filing the complaint in state court. *See White v. Capio Partners, LLC*, 1:15-cv-120, 2015 WL 5944943, at *2 (S.D. Ga. Oct. 13, 2015) ("[M]any courts in this Circuit have found that Rule 4(m)'s [90-day] period for service begins upon the day a case was removed to federal court." ) (collecting cases).[7] But by his own logic, Roper was not a party to this action until Robinson filed his amended complaint on April 21, 2021. "[W]hen an amended complaint names a new defendant, a plaintiff has [90] days from the date on which the amended complaint is filed to serve that defendant with process." *Lindley v. City of Birmingham, Ala.*, 452 F. App'x 878, 880 (11th Cir. 2011). Therefore, Robinson had 90 days from April 21, 2021—i.e., until July 20, 2021—to serve Robinson. Roper

---

[7] Until December 1, 2015, Rule 4(m) allowed a plaintiff 120 days to serve a defendant. *White* and several other cases cited below reference this 120-day period.

filed his motion to dismiss 14 days after the amended complaint was filed, well before this time period expired.

As to Roper's third argument, apart from the fact that Robinson appears to have abandoned any § 1983 individual-capacity claims against Roper, the amended complaint would not support them if he had not.  The amended complaint contains no factual allegations at all concerning Roper's individual conduct.  (*See* doc. 11 at ¶¶ 7-17).  Therefore, any § 1983 individual-capacity claims against Roper, as well as any state law claims against him, are due to be dismissed.  The merits of Robinson's official-capacity § 1983 claims against Roper are the same as those against the City, and they are discussed in Section III.C.3 below.

Finally, Roper argues Robinson's claims are barred by the statute of limitations because Roper was not included in the original complaint.  (Doc. 15 at 4-5).  As Robinson notes, (doc. 24 at 7-8), the question here is whether the claims against Roper in the amended complaint relate back to the date of the original complaint; Robinson's claims would be timely if they do.[8]  As applicable here, the test to determine whether an amendment relates back is whether "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading,"  FED. R. CIV. P. 15(c)(1)(B).  Here, it is obvious from examining the original complaint that the "conduct, transaction, or occurrence set out" in it supplies the basis for the claims against Roper in the amended complaint because the claims in the original complaint are the same as the ones in the amended complaint (with the exception of Count

---

[8] Under Alabama law, the statute of limitations for Robinson's claims is two years.  *See* Ala. Code § 6-2-38; *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) ("[a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought . . . In Alabama, the governing limitations period is two years.").

VII, discussed further below).  The undersigned easily concludes that the statute of limitations would not bar Robinson's claims against Roper for any of the counts contained in both complaints, to the extent they can be asserted at all.

### C. City of Bessemer Motion to Dismiss (Doc. 16)

The City raises several grounds, some of which apply to all defendants and some of which are specific to it.  It argues that Count VII (asserted, as noted above, against unspecified defendants) is due to be dismissed as untimely, and in fact the entire complaint should be dismissed based on the statute of limitations because Robinson failed to demonstrate an intent to timely serve the defendants.  (Doc. 16 at 7-10).  As for Robinson's claims against it specifically, the City argues any state law claims against it should be dismissed based on state-granted immunity, and any § 1983 claims against it should be dismissed because Robinson failed to plead any facts that would support municipal liability.  Each argument is addressed below.

#### 1. Statute of Limitations

##### a.  Count VII

The City argues Count VII, Robinson's § 1983 claim for false arrest, false imprisonment, and unlawful detention, is barred by the statute of limitations because it was not included in the original complaint.  (Doc. 16 at 7-8).  As discussed above, the question here is whether the amendment relates back to the original pleading by asserting "a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  FED. R. CIV. P. 15(c)(1)(B).

Quoting an out-of-context fragment from a Second Circuit case, the City argues Rule 15(c) only applies "[w]here no new cause of action is alleged."  (Doc. 16 at 7) (quoting *Stevelman v. Alias Rsch. Inc.*, 174 F.3d 79, 87 (2d Cir. 1999)).  In reality, the Second Circuit indicated that, in

its own circuit, it "liberally grants relation back" when a litigant does not allege a new cause of action, *id*., not that it bars all new causes of action asserted in amended pleadings.  The plain text of the Rule indicates it applies to "a claim," so the question is whether the claim Robinson asserts is the type of claim that fits into its framework—i.e., one that is based on the same "conduct, transaction, or occurrence set out" in the original complaint.  The only binding law the City cites is *Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003), in which the Eleventh Circuit observed that "Congress intended Rule 15(c) to be used for a relatively narrow purpose; it did not intend for the rule to be so broad to allow an amended pleading to add an entirely new claim based on a different set of facts"  But there appears to be no "different set of facts" here.  Although it is not entirely clear from the complaint, Robinson arguably alleges another theory on which some or all of the defendants could be liable based on the facts set forth in the original complaint.  *See Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) ("The critical issue in [Federal] Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted. When new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred by limitations if it was untimely filed.").  To the extent this is the case, the amendment relates back and is not time-barred.  However, as with the other inadequate counts in the amended complaint, Robinson will be required to clarify the nature of his claim through an amended complaint.

**b.  Service[9]**

---

[9] In a footnote, the City states: "By no means does the City concede that service on it was proper; to the contrary, the City affirmatively asserts that it was not properly served with the summons and complaint."  (Doc. 16 at 8).  To the extent that this is intended to assert a defense under Rule 12(b)(5), the City never explains why service on it was improper.  A conclusory

The City next argues that, even though timely filed, the complaint is nevertheless barred by the statute of limitations because Robinson "did not demonstrate an intent to have the Complaint immediately served after its filing, which consequently failed to toll the applicable statute of limitations." (Doc. 16 at 8-9). Robinson responds with an affidavit from his counsel, LaShunta White-Boler—a solo practitioner who was at the beginning of the case the only attorney representing Robinson—detailing her family's health emergencies that she says prevented her from beginning service until February 18, 2021. (Doc. 24-2).

Under Alabama law, "[t]he filing of a complaint commences an action for purposes of the Alabama Rules of Civil Procedure but does not 'commence' an action for purposes of satisfying the statute of limitations." *ENT Assocs. of Alabama, P.A. v. Hoke*, 223 So. 3d 209, 213-14 (Ala. 2016) (citation omitted). Instead, "for statute-of-limitations purposes, the complaint must be filed and there must also exist a bona fide intent to have it immediately served." *Id.* at 214 (cleaned up and citation omitted). This is determined by an objective standard. *Id.*

The City's only argument that Robinson lacked the intent to serve the complaint is that counsel waited until February 2021 to effect service. (Doc. 16 at 9). Although service was unquestionably delayed, counsel's affidavit adequately supports that there was an intent to serve the defendants at the time the complaint was filed. The complaint itself requests service by certified mail, (*see* doc. 1-1 at 12), and the summons show that they were issued to counsel on the day she filed the complaint. (*See* doc. 1-2 at 2, 4, 6 & 8). Counsel explains that two days after the

---

argument in a footnote is insufficient to properly bring the issue before the court. *Cf. U.S. Sec. & Exchange Comm'n v. Big Apple Consulting USA, Inc.*, 783 F.3d 786, 812 (11th Cir. 2015) (a litigant's "fleeting footnote explaining" an argument to the district court "in one sentence . . . is insufficient to properly assert a claim on appeal").

complaint was filed, her son was hospitalized with COVID-19.  (Doc. 24-2).  Then, she herself was hospitalized and had surgery on October 30, 2020.  (*Id.*).  She states she served the defendants once she was able to return to work on February 18, 2021.  (*Id.*).

This is qualitatively different from the situation in *Hoke*, the case upon which the City appears to rest most of its support.[10]  In that case, the complaint was filed by counsel not initially admitted to practice in Alabama, who informed the clerk of court that he intended to use a process server to serve the defendants.  223 So. 3d at 214.  Counsel then made no effort to obtain a process server, or "performed all the tasks required to serve process" at the time of filing.  *Id*.  Nor did counsel explain the delay in service.  *Id.* at 216.  Instead, this more resembles *Ex parte E. Alabama Mental Health-Mental Retardation Bd., Inc.*, 939 So. 2d 1, 4 (Ala. 2006), which Robinsons cites in opposition.  (See doc. 24 at 10).  In that mandamus action, the Alabama Supreme Court held an attorney who had indicated the plaintiff would serve the defendants by certified mail and then obtained return receipt cards and summons from the clerk of court had done "all that was required by the Rules of Alabama Civil Procedure to facilitate service, short of placing the summonses and complaints in the mail."  *Id.* at 4-5.  Since there was no evidence of the plaintiff's supposed lack of intent to serve the defendants apart from a two-and-a-half month delay in service (which the court conceded could be "some evidence" of a lack of intention to serve the summons and complaint), the court declined to issue a writ of mandamus.  *Id.* at 5-6.  Although the standard is

---

[10] The City cites *Weaver v. Firestone*, 155 So. 3d 952, 965 (Ala. 2013) for the proposition that "the filing of a complaint must be accompanied by some additional physical action, i.e., initiating and attempting to achieve physical service of the complaint on a defendant," (*see* doc. 16 at 9), but that case was concerned with equitable tolling of the statute of limitations when a complaint had *not* been filed.

substantially lower here than the standard to obtain a writ of mandamus,[11] the evidence is just as weak here as it was in *E. Alabama Mental Health-Mental Retardation Bd.*, and Robinson's counsel has sufficiently explained the delay.   Accordingly, the statute of limitations does not bar the complaint.

## 2. State Law Claims

In Alabama, municipalities are generally immune from tort liability.  *Ex parte City of Bessemer*, 142 So.3d 543, 550 (Ala. 2013).  However, the Alabama Code contains an exception to this general rule for injuries or wrongs caused by "the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his or her duty . . . ."  ALA. CODE § 11-47-190.   The Alabama Supreme Court has consistently held this provision exempts a municipality from liability for its agents' intentional torts.  *Aliant Bank v. Four Star Invs., Inc.*, 244 So. 3d 896, 927 (Ala. 2017) (quoting *Altmayer v. City of Daphne*, 613 So. 2d 366, 369 (Ala. 1993)).  *See also Hilliard v. City of Huntsville,* 585 So. 2d 889, 892 (Ala. 1991) (explaining that "to construe this statute to include an action for wanton conduct would expand the language of the statute beyond its plain meaning."); *Walker v. City of Huntsville,* 62 So. 3d 474, 501 (Ala. 2010).

As noted above, it is not always clear which count is asserted against which defendant.  To the extent Robinson attempts to assert Count III, for intentional infliction of emotional distress,

---

[11] In Alabama, "a writ of mandamus will issue only upon a showing of (a) a clear legal right in the petitioner to the order sought, (b) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (c) the lack of another adequate remedy, and (d) the properly invoked jurisdiction of the court."  *E. Alabama Mental Health-Mental Retardation Bd.*, 939 So. 2d at 2 (cleaned up and citation omitted)

against the City, it is barred by § 11-47-190.  Robinson also asserts Count IV, a negligence claim, in part against the City.  (*See* doc. 11 at ¶ 28).  However, the specific allegations of negligence against the City seem to be that the City negligently failed to supervise and train its officers.  (*Id.*). Because municipal liability under § 11-47-190 "necessarily . . . exclude[s] liability on any other count," *Hilliard*, 585 So. 2d at 893, this is not a viable claim under Alabama law.  Robinson responds to this by pointing to cases supporting § 1983 liability for failure to train.  (*See* doc. 24 at 3-4).  This cannot save her state law negligent supervision and training claim.  It is possible that Robinson intends this count to assert the City's respondeat superior liability for the negligence claims he raises as to Tackett and McKenna—i.e., that his injuries were due to the officers' negligence, rather than their intention to engage in excessive force.  The count itself adds to the the confusion, asserting that the defendants "negligently, carelessly, recklessly, willfully, and wantonly" harmed Robinson.  Part of the reason why this count is so difficult to interpret is that, as discussed below, Robinson's complaint is a shotgun pleading.  As it stands, the undersigned agrees with the City that Count IV as pleaded fails to state a claim against the City and is due to be dismissed.

### 3. Section 1983 Claims

"[A] municipality cannot be held liable under § 1983 on a respondeat superior theory." [12] *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978).  This means that, "to impose liability on a municipality under § 1983[, a plaintiff must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Board of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S.

---

[12] In a footnote, the City contends that "obviously, municipal liability under § 1983 may not be established based upon the way that it must be established pursuant to Ala. Code § 11-47-190." (Doc. 16 at 5 n.3).  This is true, but plaintiffs are free to plead in the alternative.

397, 403 (1997).  In this Circuit, to support municipal (or *Monell*) liability under § 1983, a plaintiff must show "(1) a violation of his constitutional rights; (2) that the City had a custom or policy that was deliberately indifferent to that constitutional right; and (3) a causal link between the City's policy or custom and the violation."  *Sharp v. City of Huntsville, AL.*, 730 F. App'x 858, 860 (11th Cir. 2018) (citing *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)).  The identified policy or custom must be "the moving force behind the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 380 (1989). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997).

There are no non-conclusory allegations in the amended complaint to support *Monell* liability against the City.   As far as named defendants, the complaint's specific factual allegations concern only Tackett and McKenna.  (*See* doc. 11 at ¶¶ 7-10, 12).  The remainder of the paragraphs listed under the "Statement of Fact" section are wholly conclusory are legal conclusions, or both, including the only two applicable to the City: that the city is "responsible and duty-bound to train and supervise police officers; to develop, enact and enforce policy(ies) regarding the treatment of, and use of force involving drivers," (*id.* at ¶ 16), and that the City (along with others) "proximately caused and/or were the moving force behind the clearly defined constitutional deprivations," (*id.* at ¶ 17).

As to paragraphs under the complaint's specific counts:

- Counts I (excessive force) and Count VII (false arrest, false imprisonment, and unlawful detention) do not mention the City and include nothing involving a policy or custom, (*see id.* at ¶¶ 19-21, 39-41).

- Count V (failure to train and supervise):

- o mentions Tackett and McKenna "acted under the supervision, direction and control of their superior officers with the City of Bessemer, (*id.* at ¶ 30), which is a respondeat superior allegation and not a policy or custom allegation;

- o alleges the City "negligently and/or wantonly with reckless disregard for the clearly established constitutional rights of Plaintiff, failed or refused to properly train" Tackett and McKenna, (*id.* at ¶ 31), which is a legal conclusion; and

- o states the City "had Complaint's [sic] filed prior showing a custom or policy of indifference," (*id.* at ¶ 32), which mentions the words "policy" and "custom" but is wholly conclusory.

- Count VI (failure to enact and/or enforce policy):

  - o states the City has a duty "to develop, implement and enforce policies and procedures that do not cause clearly established constitutional deprivations," (*id.* at ¶ 34), which is a legal conclusion;

  - o contends the City "was on notice that adaption of inadequate policies and procedures regarding training and oversight of police officers, and/or failure to adopt adequate policies and procedures regarding the training and oversight of police officers, would likely cause and/or encourage police officers to beat, abuse, and/or otherwise brutalize and/or use excessive force on detainees, arrestees and/or inmates," (*id.* at ¶ 35), which is also a legal conclusion;

  - o alleges the City "adopted policies, procedures, customs, or practices that lead to the inadequate training and supervision of police officers which contributed to, and/or proximately caused, Defendants Robbie Tackett and Charles McKenna to unconstitutionally beat and choke Plaintiff, and Defendants City of Bessemer and Bessemer Police Department by and through its agent, Michael Roper, and/or fictitiously described defendants to engage in the conspiracy to cover up the assault on Plaintiff and otherwise deprive him of his aforementioned constitutionally protected rights," (*id.* at ¶ 36), which contains legal conclusions and is also conclusory because it does not identify any of the alleged policies or indicate in any way how the policies caused any of the effects Robinson describes;

  - o indicates, in the alternative, the City "failed or refused to adopt policies, procedure, customs, or practices" consistent with the effects Robinson describes in ¶ 36, which is inadequate for exactly the same reasons ¶ 36 is inadequate; and

  - o states the City's acts and omissions "were perpetrated under color of law and deprived Plaintiff of his civil rights," causing him to suffer harm, (*id.* at ¶ 38), which is a legal conclusion.

17

Since the only allegations against the City are conclusory and/or simply legal conclusions, Robinson has failed to state a viable *Monell* claim against the City.  *See L.S. v. Peterson*, 982 F.3d 1323, 1330 (11th Cir. 2020) ("A count supported only by conclusory allegations necessarily fails to state a claim.").  Faced with these inadequacies, Robinson's response is that the motion is "premature in that there has not been sufficient time allowed for the mandatory disclosures and discovery requests" to determine whether the City has a policy or custom sufficient to support *Monell* liability.[13]  (Doc. 24 at 7).  None of this is consistent with the pleading standard under Rule 8, which "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. 662, 678-79.  Since Robinson has provided no factual support for his § 1983 claims against the City, those claims are due to be dismissed.

### D. Tackett and McKenna Motions to Dismiss (Docs. 18 & 22)

Both of these motions raise nearly identical contentions that the respective defendant was not properly served while the action was pending in state court.[14]  Both defendants argue Robinson failed to comply with the Federal Rules of Civil Procedure and/or the Alabama Rules of Civil Procedure in serving them at their workplaces and that neither signatory for service was the respective defendant's agent.  (*See* docs. 18 & 22).  For his part, Robinson contends that service

---

[13] Robinson also states he is "aware of at least two other cases where police officers used excessive force," (doc. 24 at 7), but there are no allegations to support this in the complaint. Regardless of Robinson's awareness of other cases, Rule 12(b)(6) generally limits the Court's review to "the four corners of the complaint." *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

[14] In addition, Tackett appears to have passed away on March 28, 2021.  (*See* doc. 18-1). Tackett does not cite this as basis for dismissal; instead, this appears to be a "statement noting death" under Fed. R. Civ. P. 25(a)(3).

was proper because it was accepted by McKenna's and Tackett's agents, or it was foreseeable for that McKenna and Tackett that they would be served at their workplace.  (Doc. 25 at 1-2).

"In actions removed from state court, the sufficiency of service of process prior to removal is determined by the law of the state from which the action was removed." *Rentz v. Swift Transp. Co.,* 185 F.R.D. 693, 696 (M.D. Ga. 1998).  Under the Alabama Rules of Civil Procedure, an individual may be served in one of three ways: (1) "by serving the individual," (2) "by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," or (3) "by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process."  ALA. R. CIV. P. 4(c)(1).  Service may be also made by certified mail where, as here, the plaintiff files a written request with the clerk of court.  ALA. R. CIV. P. 4(i)(2)(A).  Service by certified mail is deemed effective "from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt."  ALA. R. CIV. P. (4)(i)(2)(C).  The Rule defines "agent" as "a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee."  *Id.*

Other than Robinson's bare assertion, there is no evidence to support that the "Bessemer Police Department" signatory was authorized to receive McKenna's mail, or that the "BP C19" at the Calera Police Department was authorized to receive Tackett's mail.  Robinson also provides no support for the notion that foreseeability factors into the calculus in determining whether service was proper.  Therefore, it appears neither McKenna nor Tackett was properly served while the action was pending in state court.  However, that is not the end of the story as it pertains to service.  As discussed above, Robinson had an additional 90 days from the date of removal to serve defendants unserved at the time of removal.  At the time McKenna and Tackett filed their motions,

nearly two months remained for Robinson to serve them according to the requirements of the Federal Rules of Civil Procedure.  Therefore, their motions were premature and are due to be denied.

### E. Other Deficiencies in the Complaint

Robinson's complaint contains deficiencies beyond what Defendants identify.  Although no defendant specifically raises this, many of the errors identified above stem from the fact that Robinson's complaint is a shotgun pleading.  A "shotgun pleading" is one which "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).  This may be because it adopts the allegations of all preceding counts into each new count (Type I); it states conclusory, vague, and immaterial facts not relevant to the claims raised (Type II); it does not separate each cause of action or claim for relief into different counts (Type III); or it does not specify which of the multiple defendants are responsible for which acts or claims (Type IV).  *Id.* at 1321-23.

Robinson's complaint has characteristics of both Type II and Type IV shotgun pleadings. It is a Type IV shotgun pleading because, as discussed above, it is often unclear which defendants are included in which count.  It is a Type II shotgun pleading because it is also often unclear which facts are intended to support which counts, and many of its "factual" allegations are mere conclusions.  Because of that, defendants appear to be in part guessing as to what sort of claims are being asserted against them.  The undersigned is equally unsure.  Accordingly, although he does not request it, to the extent adequate pleading could cure some of the deficiencies identified

above, Robinson will be given an opportunity to amend his complaint to clarify his claims.[15]  And, because of the procedural posture of this case, and specifically several premature motions to dismiss for improper service, the undersigned will order pursuant to Fed. R. Civ. P. 4(m) that Robinson serve the defendants with the amended complaint within the time stated below.

### IV. Conclusion

The BPD's motion to dismiss, (doc. 14), is **GRANTED**, and Robinson's claims against it are **DISMISSED WITH PREJUDICE**.  Roper's motion to dismiss, (doc. 15), is **GRANTED IN PART** to the extent that Robinson's claims against him are **DISMISSED WITHOUT PREJUDICE**, and **DENIED AS MOOT** in part to the extent that the fictitious defendants are **DROPPED** as parties.  The City's motion to dismiss, (doc. 16), is **GRANTED**; Robinson's intentional infliction of emotional distress and negligent training and supervision claims against it are **DISMISSED WITH PREJUDICE**, and any other claims Robinson asserts against it **DISMISSED WITHOUT PREJUDICE**.  Tackett's and McKenna's motions, (docs. 18 & 22), are **DENIED**, with leave to reassert them if Robinson does not properly serve those defendants within the time allotted below.

As discussed above, Robinson will be permitted **<u>one opportunity</u>** to amend his complaint to reassert any claims that were dismissed without prejudice.  Robinson must file this complaint by **August 20, 2021**, after which he will have 21 days to serve the unserved or improperly served defendants.  If Robinson files an amended complaint, he must specifically identify which

---

[15] "When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds."  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018).

defendant or defendants is being sued under which count and indicate in which capacity (individual or official) each defendant is being sued.  For each count, Robinson must specifically describe which facts support it.  To the extent Robinson reasserts municipal liability claims against the City, he must include non-conclusory facts supporting a custom or policy.  If Robinson fails to file an amended complaint by **August 20, 2021**, the dismissals without prejudice above will be converted to dismissals with prejudice.

DONE this 6th day of August, 2021.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE